UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Merribeth Stropes,

     Plaintiff,

v.

La Liberty Sedan and Limousine, Inc. and
Theodore Koutsos, Individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Merribeth Stropes, (hereinafter referred to as "Plaintiff") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendants, La Liberty Sedan and Limousine, Inc., (hereinafter known as "Liberty") and Theodore Koutsos, individually, (hereinafter known as "Koutsos"), collectively known as "Defendants" and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.      At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4.       Defendant is a Florida corporation, licensed and authorized to conduct business in Pasco County, Florida.  At all times material Defendant was an employer as defined by the Fair Labor Standards Act.

5.      Defendant, Koutsos, is Vice President of La Liberty Sedan and Limousine and was acting in a supervisory capacity for Defendant, Liberty. Defendant, Koutsos, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, Koutsos possessed operational control of business activities.

6.      Defendant, Koutsos, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

7.      At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the

2

meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

8.    At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

9.    Defendants are an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) because it has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

10.    Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of her job with Defendants, 29 U.S.C. §207(a)(1).

11.    Plaintiff has retained the undersigned counsel to represent her interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

12.    Plaintiff worked for Defendants from approximately August 29, 2013, to March 26, 2026, in the position of Reservationist.

13.    Plaintiff was compensated on an hourly rate basis.

14.    Plaintiff worked substantial hours in excess of forty in a work week.

3

15.     Plaintiff was paid straight time for all hours worked.

16.     Plaintiff was not paid time and a one-half her regular hourly rate for each and every hour that she worked in excess of forty (40) hours in a work week for all weeks that she worked.

17.     Defendant failed to keep accurate time records regarding the hours Plaintiff worked.

18.     Plaintiff estimates she routinely worked between sixty and seventy hours in a workweek.

19.     All records necessary to calculate the amount of overtime monies due are in the possession of the Defendant.

**COUNT I**
**FAIR LABOR STANDARDS ACT  (UNPAID OVERTIME)**
**AS TO ALL DEFENDANTS**

20.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through nineteen (19).

21.     Defendants are subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

22.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times  the regular rate of pay for all hours worked in excess of the maximum hours allowed by law

(overtime hours).

23.   Plaintiff was an employee of Defendants and is not exempt from the right to receive overtime pay under the FLSA.  Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

24.   Throughout her employment with Defendant, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which she was not compensated at the overtime rate.

25.   Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

26.   Defendants' failure to pay Plaintiff overtime  at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207.

27.   Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et.  seq.*, including 29 U.S.C. § 211(c) and § 215(a).

28.   Defendants' violations of the FLSA were knowing, willful, and in reckless  disregard of the rights of Plaintiff.

29.   As a direct result of Defendants' violations of the FLSA, Plaintiff

suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for:

(a) Overtime compensation, liquidated damages, and prejudgment interest;

(b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(c) A judicial determination that the FLSA was violated;

(d) An adjudication on the merits of the case; and

(e) Such other relief as the court may deem just and proper.

Dated this 14th day of April 2026.

FLORIN|GRAY

/s/Miguel Bouzas
Miguel Bouzas
Florida Bar No.: 48943
Mbouzas@floringray.com
Wolfgang M. Florin
Florida Bar No.: 907804
wflorin@floringary.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff